IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RENEE AMBER LAGAISSE,

                          Plaintiff,

     v.

LAVERNE C. LAGAISSE, RICHARD W. SHEFFER,
KENNETH W. SHEFFER and JIM TROUSCH,

                          Defendants.

ORDER

11-cv-159-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary relief, plaintiff Renee Amber LaGaisse alleges that defendants LaVerne LaGaisse, Richard Sheffer, Kenneth Sheffer and Jim Trousch subjected her to acts of violence, rape and sexual exploitation over the course of several years. Plaintiff is proceeding under the <u>in forma pauperis</u> statute, 28 U.S.C. § 1915, and does not have the means to make an initial partial payment. Because plaintiff is proceeding without prepayment of costs, I must screen her complaint and dismiss it if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §

---

[1] For the purpose of this order, I am assuming jurisdiction over the case.

1

1915(e)(2)(B). After reviewing plaintiff's complaint, I conclude that it must be dismissed for lack of subject matter jurisdiction.

Federal district courts may exercise jurisdiction only in cases for which Congress has determined that jurisdiction is proper. The most common cases over which federal district courts may exercise jurisdiction are those in which the plaintiff's claims present federal questions or arise under federal law, 28 U.S.C. § 1331, or those in which the plaintiff's citizenship is completely diverse from the defendant's citizenship, 28 U.S.C. § 1332. Although plaintiff has alleged terrible acts perpetrated by defendants and raises serious questions, plaintiff has not presented a claim arising under federal law. Rather, any claims plaintiff may have against defendants would arise under state law. Additionally, because plaintiff alleges that she and all of the defendants live in Wisconsin, her allegations do not invoke the court's diversity jurisdiction under § 1332. Therefore, I must dismiss plaintiff's complaint for lack of subject matter jurisdiction. If plaintiff wishes to pursue her claims, she must do so in state court.

ORDER

IT IS ORDERED that plaintiff Renee Amber LaGaisse's complaint is DISMISSED

for lack of subject matter jurisdiction.

    Entered this 15th day of March, 2011.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge